UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>TOC HOLDINGS CO., fka TIME OIL CO.,<br><br>Debtor.<br><br>EDMUND J. WOOD,<br><br>Plaintiff,<br><br>v.<br><br>C. EDWARD MILLER, JR., et al.,<br><br>Defendants. | Case No. 2:18-CV-1118-RSL<br><br>ORDER GRANTING<br>MOTION FOR<br>WITHDRAWAL OF<br>REFERENCE |

This matter comes before the Court on the motion of defendants C. Edward Miller, Jr., Jane Doe Miller, Raymond G. Stromer, Daisy S. Miller Trust, Dawn S. Miller Trust, Dominique S. Miller Trust, John Doe Fearnley, Christopher F. Makens, Diana M. Makens, John Joe Makens, James W. Makens, Jane Doe Makens, John E. Makens, Michael D. Makens, Jane Doe Makens, Miller Family Trust UTD 04/16/81, E. Edward Miller Jr. Separate Property Trust, Laureen Miller Separate Property Trust, Melissa Del Nero Pires, John Joe Pires, Katherine Vallernaud, John Doe Vallernaud, Stephen E. Abendroth, Carolyn M. Heck, Yasutake Family Trust UTD 10/22/99, David Edward Abendroth, Michael James Abendroth, Carrie Ann Abendroth, Ingrid Lea Abendroth, John Michael Heck, Richard Drew Abendroth, Julianne

ORDER GRANTING MOTION FOR WITHDRAWAL
OF REFERENCE - 1

Marie Heck and Terry Lynn Abendroth (collectively, "the Movants") for a withdrawal of reference. Dkt. #1-1.

**BACKGROUND**

On April 24, 2017, TOC Holdings Co., fka Time Oil Co. ("the Debtor") commenced a voluntary petition for relief under Chapter 7 of Title 11, United States Bankruptcy Code. See 11 U.S.C. § 101 *et seq.* Plaintiff Edmund J. Wood was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate on April 25, 2017. A year later, on April 25, 2018, plaintiff filed a "Complaint for Breaches of Fiduciary Duty and to Recover Fraudulent Transfers." Along with their motion for a withdrawal of reference as to this adversary proceeding ("the Motion"), the Movants have filed an answer and motions to dismiss. Dkt. 1-1 at 19. All the Movants have also filed a Demand for a Jury Trial under Local Bankruptcy Rule 9015-1 and a Notice of Final Adjudication and Consent under Local Bankruptcy Rule 7012-1.

Under Local Civil Rule 87, the District Court for the Western District of Washington refers to the Bankruptcy Court "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11." LCR 87(a); see 28 U.S.C. § 157(a). However, the Court may "withdraw, in whole or in part, any case or proceeding referred under this section … for cause shown." 28 U.S.C. § 157(d).

Proceedings before a Bankruptcy Court are classified as "core" or "non-core." Core proceedings are those that arise under Title 11 or arise in a Title 11 case. Stern v. Marshall, 564 U.S. 462 (2011); see 28 U.S.C. § 157(a). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered "non-core."" Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997) (citing In re Castlerock Properties, 781 F.2d 159, 162 (9th Cir. 1986)). A non-exhaustive list of core proceedings is provided in 28 U.S.C. § 157(b)(2)(B). In re Nw. Territorial Mint, LLC, No. C16-01895-JCC, 2017 WL 568821, at *1 (W.D. Wash. Feb. 13, 2017) (citing In re Cinematronics, Inc., 916 F.2d 1444, 1449 (9th Cir. 1990)).

ORDER GRANTING MOTION FOR WITHDRAWAL
OF REFERENCE - 2

A Bankruptcy Court may hear and determine all core proceedings arising under Title 11, or arising in a case under Title 11, and may enter orders and judgments subject to review. 28 U.S.C. § 157(b)(1); see id. at § 158. A Bankruptcy Court may also hear a non-core proceeding that "is otherwise related to a case under Title 11" and submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1).

## DISCUSSION

### A. Right to a Jury Trial

"The Seventh Amendment does not allow another court's review of facts found by the jury with no standard of deference and with the authority to redecide those matters in the first instance." In re Cinematronics, Inc., 916 F.2d at 1451 (citing Slocum v. New York Life Ins. Co., 228 U.S. 364, 379-80 (1913)). A Bankruptcy Court therefore "cannot conduct jury trials on non-core matters, where the parties have not consented." Id.

However, the right to a Seventh Amendment jury trial in the District Court does not mean that the Bankruptcy Court must instantly give up jurisdiction, and that the action must be immediately transferred. The Bankruptcy Court may retain jurisdiction over the action for pre-trial matters. In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007).

Plaintiff does not dispute that the Movants "are entitled to a district court jury trial on the basis of filed jury demands, if those demands are not withdrawn prior to trial." Dkt. #1-1 at 35; see Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25 (2014). He asserts that the matter should remain with the Bankruptcy Court until the case is ready for trial. Id.

### B. Cause for Withdrawal of a Reference

In determining whether cause exists for the withdrawal of a reference, the Court considers "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms, 124 F.3d at 1008 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).

References to Bankruptcy Courts "promote[] judicial economy and efficiency by making use of the [Courts'] unique knowledge of Title 11 and familiarity with the actions before them." In re Healthcentral.com, 504 F.3d at 787-88 (citing City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald U.S., Inc., 125 B.R. 645, 649 (N.D. Ala. 1989) (en banc)). Movants argue that the Bankruptcy Court has not yet made any substantive determinations or decided any discovery issues. See Calvert v. Berg, No. C13-1019JLR, 2013 WL 3407790, at *5 (W.D. Wash. July 8, 2013). The case is still at the stage of pleadings. They also argue that the Court would likely have to review rulings by the Bankruptcy Court on dispositive motions, thus resulting in greater costs and delays. See id. Finally, they point out that this action does not raise substantive issues of bankruptcy law. See Dkt. #1-1 at 53; see In re Nw. Territorial Mint, LLC, 2017 WL 568821, at *3 (finding that this factor weighed against withdrawing the reference where "most of the claims in [the] case [were] either core claims or [were] unique to bankruptcy law.").

However, "[o]nly by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." In re Healthcentral.com, 504 F.3d at 778 (citing Disbursing Agent of Murray F. Hardesty Estate v. Severson (In re Hardesty), 190 B.R. 653, 657 (D. Kan. 1995)).[1] This proceeding has been pending since April 24, 2017, and the Bankruptcy Court has "gained familiarity with the Debtor's historical operations, assets, liabilities, and environmental troubles during the course of the bankruptcy proceeding." Dkt. #1-1 at 40-41. It is "a more efficient use of judicial resources

---

[1] Movants point out that In re Healthcentral.com involved a Seventh Amendment challenge to the jurisdiction of a Bankruptcy Court. In re Healthcentral.com, 504 F.3d at 787-88; see Dkt. #1-1 at 49-50. It was also a core proceeding. See 28 U.S.C. § 157(b)(2)(F) (designating "proceedings to determine, avoid, or recover preferences" as core). Plaintiff's claims of a breach of fiduciary duty and of fraudulent conveyance are non-core issues. See Olivie Dev. Grp. LLC v. Ki Chang Park, No. C11-1691Z, 2012 WL 1536207, at *4 n.2 (W.D. Wash. Apr. 30, 2012) (citing In re Sys. Eng'g & Energy Mgmt. Assocs., Inc., 252 B.R. 635, 651 (Bankr. E.D. Va. 2000)); see In re Bellingham Ins. Agency, Inc., 702 F.3d 553, 565 (9th Cir. 2012), aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25 (2014) (citing 28 U.S.C. § 157(b)(2)(H)); Stern, 564 U.S. 462. However, efficiency concerns may still weigh in favor of denying the withdrawal of non-core claims at the pretrial stage. Everett v. Art Brand Studios, LLC, 556 B.R. 437, 445 (N.D. Cal. 2016) (citing In re Arbco Capital Mgmt., LLP, 479 B.R. 254, 267 (S.D.N.Y. 2012)).

ORDER GRANTING MOTION FOR WITHDRAWAL
OF REFERENCE - 4

to leave the matter in bankruptcy court with a judge who is more familiar with the adversary proceeding and the … underlying bankruptcy." Lucore v. Guild Mortg. Co., No. 12-CV-1411-IEG WVG, 2012 WL 2921354, at *4 (S.D. Cal. July 16, 2012) (citing Stratton v. Garcia, No. 05-17665-B-7, 2007 WL 512506 (E.D. Cal. Feb. 12, 2007)). "Judicial economy is promoted by allowing the bankruptcy court to oversee pre-trial matters and determine whether a case actually requires a trial prior to withdrawal." Id. (citing In re Orion Pictures Corp., 4 F.3d at 1101-02).

Delaying the effective date of withdrawal will not give rise to any undue costs or delays, even if the Court is ultimately called upon to make a final judgment, "given the efficiencies of having the bankruptcy court deal with the issues in the first instance." In re Heller Ehrman LLP, 464 B.R. 348, 360 (N.D. Cal. 2011). As plaintiff points out, the District Court is not operating with a full bench. Dkt. #1-1 at 42. Even though this action may not raise substantive issues of bankruptcy law, "a district court may exercise its discretion not to withdraw [a] reference immediately where … the bankruptcy court already is familiar with the relevant facts and issues and the issues triable by a jury are not yet ripe for trial." Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 223, 224 (D. Haw. 2006) (citing In re Keene Corporation, 182 B.R. 379, 385 (S.D.N.Y. 1995)). The factor of forum shopping is not relevant as only this Court has "the power to enter final judgment" on this proceeding. Everett, 556 B.R. at 445-446 (citing In re Tamalpais Bancorp, 451 B.R. 6, 8 (N.D. Cal. 2011)).

For all the foregoing reasons, Movants' Motion is GRANTED. The Court hereby REFERS this case to Judge Alston for all pretrial proceedings. Trial is set for January 6, 2020.

DATED this 25th day of February, 2019.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR WITHDRAWAL
OF REFERENCE - 5